IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL POST, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | No. |
| v. | : | |
| | : | |
| SUPERVALU, INC and | : | JURY TRIAL DEMANDED |
| DAVE PIAZZA | : | |
|     Defendants. | : | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Carol Post, (hereinafter "Post" or "Plaintiff"). Plaintiff was an employee of Supervalu, Inc. (hereinafter "Supervalu"), who has been harmed by age discrimination, failure to accommodate a known disability and retaliatory practices, as well as other improper conduct by Defendant Supervalu and its agents, servants and representatives named herein. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"); Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended; and the Pennsylvania Human Relations Act, Title 43 Pa Cons Stat Ann § 951 *et seq.*

## II.    JURISDICTION AND VENUE

1. The original jurisdiction of this Court is invoked, and venue is in this District, pursuant to Title 28 U.S.C. §1331, 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000e, *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"); and Section 107 (a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* and 42 U.S.C. § 12117 (a), which incorporates by reference Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000(e) *et seq.*

2. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa. C. S. A. §951 *et seq.*

3. All conditions precedent to the institution of this suit have been fulfilled.  As to the Title VII claims, Plaintiff has invoked the procedure set forth in § 706(a) of Title VII and has received a Notice of Right to Sue as required by that statute.  On or about January 23, 2006, Plaintiff filed a Charge of Discrimination with the EEOC against the Defendants, alleging, *inter alia*, age discrimination, disability discrimination and retaliation.  Pursuant to the work sharing arrangement between the EEOC and the Pennsylvania Human Relations Commission, this filing constituted a contemporaneous filing with the PHRC.  A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission on December 11, 2006, and more than one year has expired since Plaintiff's filing with the PHRC.

4. This action has been filed within ninety (90) days of receipt of the above said Notice from the EEOC.

### III. <u>PARTIES</u>

5. Plaintiff, Carol Post, is a 60 year old, adult female and is a citizen and resident of the Commonwealth of Pennsylvania residing at 5812 Sullivan Trail, Nazareth, PA.

6. Defendant, Supervalu, is a Minnesotat corporation doing business within the Commonwealth of Pennsylvania, with a principle place of business at 3747 Hecktown Road, Easton, Pennsylvania.

7. Defendant, Dave Piazza, (hereinafter "Piazza") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action Piazza was a manager of Defendant Supervalu. At all times relevant hereto, Defendant Piazza was an officer, agent, servant, workman and/or employee of Defendant Supervalu, acting and or failing to act within the scope, course and authority of his employment and his employer, Supervalu. At all times relevant, Piazza was acting in his capacity as an employee of Defendant Supervalu and his personal capacity was a supervisor of Plaintiff.

8. At all times relevant hereto, Supervalu was acting through its agents, servants and employees.

9. At all times material herein, Defendant Supervalu is and has been a "person" and "employer" as defined under Title VII, and is subject to the provisions of said Act.

10. At all times relevant hereto, Defendant Supervalu owned, operated, controlled and managed a Easton, Pennsylvania business location, by and through the

conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

11. At all times relevant hereto, Defendant Supervalu acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

12. At all relevant times herein, Defendant Supervalu knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV.  CAUSES OF ACTION

13. Carol Post is a female employee hired by Defendant Supervalu in or about September 1982 as a Receiving Clerk.

14. At all times relevant, Plaintiff, Carol Post, maintained satisfactory job performance and had at all times fulfilled all of the duties and obligations commensurate with that employment.

15. At all times relevant hereto, Defendant Supervalu failed to establish, maintain and enforce an effective and well-known policy against harassment and discrimination based on age and disability that provided a meaningful complaint and reporting procedure.

16. Beginning on or about March 2005 and continuing, Carol Post was subjected to age discrimination, discrimination based on disability, harassment and retaliation. Defendant Piazza, a supervisor and others employed by Defendant Supervalu subjected Plaintiff to harassment and retaliation on numerous occasions.

17. Plaintiff has been discriminated against because of her age and disability and has been exposed to a hostile work environment and has been retaliated against because she complained of discrimination.

18. On or about March 2005, Plaintiff requested an accommodation from Piazza.

19. After Post returned to work she was required to work in the Warehouse, which exacerbates Post's medical condition of Asthma.

20. Post then required accommodations to return to office work.

21. Piazza said to Post, "too bad this is your job."

22. Carol Post requested to work in the office, where the air is clean.

23. The accommodation would not invoke any undue hardship for Supervalu.

24. On or about March 2005, Post job duties were changed to receiving which involved worked in the warehouse, which is an extremely dusty environment.

25. Working in the warehouse exacerbated her medical condition of asthma to the point where Post needed to take leave to recover.

26. Post requested leave from Piazza she was told, "do it [picking] or leave".

27. Piazza made it very clear that her job was in jeopardy.

28. Two younger employees, DOT LNU (Age 53, Not Disabled) and MONICA LNU (Age 30, Not Disabled) were permitted to work in the office full-time.

29. Immediately upon returning to work, Plaintiff's work shift changed to begin at 5:00 A.M. and then moved to 4:00 A.M. to do office work and then work as a receiver from 8:00 to 12:20.

30. DOT and MONICA worked a normal shift in the office from 7:00 a.m. to 3:30 p.m.

31. The aforementioned disability of Asthma substantially limited Carol Post in

several important life activities, including breathing, walking, working and sleeping.

32. Despite the foregoing disability, Plaintiff continued to work and with accommodations was able to perform all essential job functions

33. Plaintiff had been so humiliated and degraded by Defendants' discriminatory treatment based on her disability and age and/or medical leave, and her ability to enjoy life had been so adversely affected her.

34. Defendant, Supervalu did not take action to stop Piazza from her discriminatory and harassing conduct against Plaintiff.

35. Defendant Supervalu had, acting through its agents, servants and representatives, on more than one occasion, hear complaints and reports from Plaintiff of the above and other harassment, discrimination and retaliation.

36. At all relevant times herein, Defendant, Supervalu knew, or had reason to know, of the actions and inactions alleged herein, and/or participated in some of said actions and is ultimately responsible for same.

37. Defendant Supervalu supervisors, managers, and employees participated in and encouraged the discrimination and retaliation to which Plaintiff was subjected.

38. This perception by Piazza and Supervalu was related to Post's disability as well as due to Plaintiff's age.

39. Plaintiff was at all times fully able to perform all of the essential functions of her position with reasonable accommodation.

40. At all relevant times herein, Defendant Piazza knew, or had reason to know of

the actions and inaction alleged herein and/or have personally participated in some of said actions and are ultimately responsible for same, and aided and abetted the illegal conduct of Defendant, Supervalu.

41. The individual Defendant Piazza as a supervisor, is personally liable pursuant to the Pennsylvania Human Relations Act for aiding and abetting the unlawful conduct and harassment set forth herein.

42. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages due to pain, suffering, mental anguish, fear, anxiety, sleeplessness, humiliation and severe emotional, psychological and physical distress.

43. Defendants' aforesaid actions were outrageous, egregious, preposterous, malicious, intentional, willful, wanton and in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages in excess of One Hundred Thousand Dollars ($100,000.00).

## COUNT I
## CAROL POST
## v.
## SUPERVALUE, INC.
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (as amended) ("ADEA")

44. Paragraphs 1 through 43 inclusive, are incorporated by reference as if fully set forth at length herein.

45. Solely because of Plaintiff's age, Plaintiff was treated disparately and denied the opportunity to work in the office full-time.

46. The employment practices and actions of Defendant disparately impacted upon the right of employees over age 40.

47. The foregoing acts of Defendant constitute unlawful discrimination against Plaintiff in violation of the Age Discrimination in Employment Act of 1967, as amended.

48. The actions of Defendants are without reason or basis and are so arbitrary, capricious, and unfounded that Plaintiff is thereby denied due process of law.

49. Plaintiff has no adequate remedy at law.

50. As a direct result of the Defendants' willful and unlawful actions in treating employees, including Plaintiff, in a discriminatory manner solely because of their age, in violation of the ADEA.

COUNT II
CAROL POST
v.
SUPERVALUE, INC.
<u>VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")</u>

51. Paragraphs 1 through 50 inclusive, are incorporated by reference as if fully set forth at length herein.

52. At all times relevant herein, Plaintiff was regarded as disabled by Defendants.

53. At all times relevant herein, Plaintiff suffered from a condition that substantially limits major life activities.

54. Plaintiff was able to perform all of the essential functions of the position of Account Administrator with accommodation.

55. Plaintiff required and requested accommodation as set forth above.

56. Defendant was not prevented from accommodating Plaintiff by any rule or regulation of any governmental agency.

57. Defendant Supervalu intentionally, knowingly and purposefully violated the Americans with Disabilities Act by invidiously discriminating against the

Plaintiff who was a qualified individual with a disability.

58. By its actions and inactions through its agents, servants and representatives, Defendant Supervalu created, maintained and permitted to be maintained a work environment which was hostile to persons such as Plaintiff who have or are perceived as having a disability.

59. Defendants' aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton and in reckless disregard of Plaintiff's rights, entitling Plaintiff to damages as above stated, including punitive damages in excess of One Hundred Thousand Dollars ($100,000.00).

## COUNT III
## CAROL POST
## v.
## SUPERVALUE, INC.
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")
## RETALIATION UNDER THE ADA

60. Paragraphs 1 through 59, inclusive, are incorporated by reference as if fully set forth at length herein.

61. By the acts complained of, Defendant Supervalu has retaliated against Plaintiff for exercising her rights under the Americans with Disabilities Act in violation of the Act.

62. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices from which she seeks relief from this Court.

COUNT IV
CAROL POST
v.
SUPERVALUE, INC.
AGE DISCRIMINATION
43 Pa.C.S.A.§951, *et seq.*

63. Paragraphs 1 through 65 inclusive, are incorporated by reference as if fully set forth at length herein.

64. The unlawful actions of Defendant acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, subjecting Plaintiff to more onerous working conditions and treating Plaintiff in a disparate manner.

65. As a direct result of the Defendant's willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of her age, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress.

COUNT V
CAROL POST
v.
SUPERVALUE, INC.
DISABILITY DISCRIMINATION
UNDER THE PHRA
43 Pa.C.S.A.§951, *et seq.*

66. Paragraphs 1 through 65 inclusive, are incorporated by reference as if fully set forth at length herein.

67. The unlawful actions of Defendant acting as aforesaid, constitutes a violation

of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, subjecting Plaintiff to more onerous working conditions and treating Plaintiff in a disparate manner.

68. As a direct result of the Defendant's willful and unlawful actions in treating Plaintiff in a discriminatory manner solely because of her disability, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act.

COUNT VI
CAROL POST
vs.
DAVE PIAZZA
AIDING AND ABETTING UNDER THE PENNSYLVANIA
HUMAN RELATIONS ACT
AGE DISCRIMINATION
<u>43 Pa.C.S.A.§951, *et seq.*</u>

69. Paragraphs 1 through 68 inclusive are incorporated by reference as if fully set forth at length herein.

70. The unlawful actions of the individual Defendants acting as aforesaid, constitutes an aiding and abetting violation pursuant to Title 43 Pa. Stat. Ann. §951 *et seq.* of the Pennsylvania Human Relations Act.

71. At all relevant times herein, Defendants knew, or had reason to know of the actions and inaction alleged herein and/or have personally participated in some of said actions and are ultimately responsible for same, and aided and abetted the illegal conduct of Defendants.

72. The individual Defendants, as supervisors, are personally liable pursuant to

the Pennsylvania Human Relations Act for aiding and abetting the unlawful conduct and sexual harassment set forth herein.

73. As a direct result of the individual supervisor Defendant's willful and unlawful actions in aiding and abetting in the sexual harassment set forth herein in violation of Title 43 Pa. Stat. Ann. §951 *et seq.* of the Pennsylvania Human Relations Act.

COUNT VII
CAROL POST
v.
SUPERVALU, INC and DAVE PIAZZA
<u>RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT</u>

74. Paragraphs 1 through 73 inclusive, are incorporated by reference as if fully set forth at length herein.

75. By the acts complained of, Defendant has retaliated against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act in violation of said act.

76. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

STATEMENT OF FACTS JUSTIFYING
<u>THE IMPOSITION OF PUNITIVE DAMAGES</u>

77. Paragraphs 1 through 76 inclusive, are incorporated by reference as if fully set forth at length herein.

78. At all times relevant hereto, Defendant Supervalu knew or should have known of the pattern of conduct in which the Individual Defendant had engaged and

in which they continued to engage.

79. At all times relevant hereto, Defendant Supervalu knew or should have known that the aforesaid pattern of conduct was in violation of law and Defendant Vanguard's stated policies and terms of employment.

80. Despite such knowledge, Defendant Supervalu failed to adequately investigate, discipline or discharges its agents, servants and representatives who created a hostile work environment, harassed and subjected Plaintiff to a hostile work environment and the discrimination and retaliation above stated.

81. Defendant Supervalu failed and refused to properly protect and support Plaintiff and in fact subject or permitted her to be subjected to further harassment and discrimination due to her age and disability.

82. At all times relevant hereto, Defendant Supervalu acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff and other employees similarly situated.

83. At all times relevant hereto, the Defendants acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff and other employees similarly situated.

**PRAYER FOR RELIEF**

84. Plaintiff repeats the allegations of paragraphs 1 through 83 of this Complaint as if set forth at length herein.

   WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendants and requests that this Court:

   a. Exercise jurisdiction over her claims;

b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, and punitive damages;

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d. Order that Defendant compensates Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

e. Order Defendants compensate Plaintiff with an award of front pay, if appropriate;

f. Order Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

g. Order Defendants pay to Plaintiff punitive damages and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

h. Order Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i. Award Plaintiff her attorneys' fees and costs; and

j. The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

                    HAHALIS & KOUNOUPIS, P.C.

By: _____
     DAVID L. DERATZIAN, ESQUIRE
     GEORGE S. KOUNOUPIS, ESQUIRE
     20 East Broad Street
     Bethlehem, PA  18018
     (610) 865-2608
     Attorney for Plaintiff,
     Carol Post

Date: _____